## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JOYCE CHURCH<br>5354 Grays Avenue<br>Philadelphia, PA 19143 | :<br>:<br>: |
| Plaintiff, | :<br>:<br>: Civil Action No.: _____ |
| v. | :<br>: |
| | : **JURY TRIAL DEMANDED** |
| THE TRUSTEES OF THE UNIVERSITY OF<br>PENNSYLVANIA d/b/a PENN MEDICINE<br>3451 Walnut Street, Room 329<br>Philadelphia, PA 19104 | :<br>:<br>:<br>: |
| Defendant. | :<br>: |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Joyce Church ("Plaintiff"), by and through her undersigned attorney, for her Complaint against The Trustees of the University of Pennsylvania d/b/a Penn Medicine ("Defendant"), alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

1. Plaintiff brings this Complaint contending Defendant violated Plaintiff's rights protected by 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), by constructively discharging Plaintiff from employment on the basis of her race, and in retaliation for Plaintiff's good faith complaints of race discrimination. As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2. Plaintiff Joyce Church is a citizen of the United States and Pennsylvania, where he currently maintains an address at 5354 Grays Avenue, Philadelphia, PA 19143.

3. Defendant, The Trustees of the University of Pennsylvania d/b/a Penn Medicine, is a non-profit corporation operating and existing under the laws of the Commonwealth of Pennsylvania, with its headquarters located at 3451 Walnut Street, Room 329, Philadelphia, PA 19104.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

6. Plaintiff has complied with all conditions precedent to maintain this action.

7. This is an action authorized and instituted pursuant to 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981").

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside and/or conduct business in this judicial district, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania in this judicial district.

## FACTUAL BACKGROUND

10. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

11. Plaintiff began her employment with Defendant on or about July 28, 2003, in the position of Certified Nursing Assistant ("CNA").

12. At all times material hereto, Plaintiff received positive reviews of her performance, occasional praise, and no justifiable discipline.

13. Throughout the course of Plaintiff's employment with Defendant, Defendant's nurses would frequently use the term "n***er."

14. Furthermore, Defendant's Nurse, Kim Wright (Caucasian) repeatedly referred to Plaintiff's coworker Jen Bolvin ("Ms. Bolvin") as "Aunt Jemima," with clear intent to be offensive on the basis of race. On one occasion, Defendant's Director, Jessica Lazarier, laughed when Ms. Wright referred to Ms. Bolvin as "Aunt Jemima."

15. On one occasion, in or around 2013, Plaintiff witnessed one of Defendant's nurses state that a baby needed formula, and proceeded to add "why didn't you bring any back from the boat," which again was stated with clear intent to be offensive on the basis of race.

16. On a separate occasion, in or around 2013, Plaintiff witnessed Defendant's Caucasian nurses laughing at a photograph of an African-American baby, which was printed on purple paper.

17. On or about February 23, 2019, Plaintiff complained to Defendant's Human Resources Representative, Andrea Mathis ("Ms. Mathis"), regarding the consistent racial harassment she was being subjected and/or witness to.

18. Thereafter, Plaintiff made multiple follow-up complaints regarding racially discriminatory behavior exhibited by Defendant's employees and/or management staff.

19. Notably, Ms. Mathis stated that Plaintiff was "just a complainer."

20. Beginning in or around 2013, as a result of the aforementioned racially discriminatory behavior exhibited by Defendant's employees and/or management staff, Plaintiff began applying to multiple positions within Defendant to no avail.

21. Notably, Caucasian employees of Defendant were frequently approved to transfer to new positions within Defendant.

22. Beginning in or around March 2020, Plaintiff required a medical leave of absence as a result of suffering from Lung Cancer and contracting the novel coronavirus ("COVID 19").

23. Plaintiff was scheduled to return to work on or about December 31, 2020, but advised by Ms. Mathis not to report to work. In addition, Ms. Mathis told Plaintiff to apply for Americans with Disabilities Act ("ADA") leave so that Defendant could find a position for Plaintiff.

24. Thereafter, Plaintiff applied to numerous positions throughout Defendant, but not hired, despite being qualified for same.

25. Because Plaintiff has not been hired for any position at Defendant, on or about December 31, 2020, Defendant constructively discharged Plaintiff from employment.

26. It is believed and therefore averred that Defendant constructively discharged Plaintiff because of her race and in retaliation for her complaints in connection thereto, in violation of Section 1981.

27. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

### COUNT I
### 42 U.S.C. § 1981
### DISCRIMINATION & RETALIATION

28. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

29. Plaintiff avers that Defendants discriminated against her with respect to the terms and conditions of her employment on account of her race, and retaliated against Plaintiff for her good-faith complaints of race discrimination. Plaintiff has suffered damages and seeks relief for these willful adverse actions.

30. Defendants' actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendants for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **MURPHY LAW GROUP, LLC** |
| Date: July 8, 2021 |  |
|  | By: */s/ Benjamin Salvina* |
|  | Benjamin Salvina, Esq. |
|  | Eight Penn Center, Suite 2000 |
|  | 1628 John F. Kennedy Blvd. |
|  | Philadelphia, PA 19103 |
|  | TEL: 267-273-1054 |
|  | FAX: 215-525-0210 |
|  | bsalvina@phillyemploymentlawyer.com |
|  | *Attorney for Plaintiff* |

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.